KENTUCKY COMMISSION ON HUMAN RIGHTS, Plaintiff,

v.

INCO ALLOYS INTERNATIONAL, INC., Defendant.

Civ. A. No. 94–M–020–L(S).

United States District Court,
W.D. Kentucky,
Louisville Division.

Jan. 25, 1995.

Kathleen Jordan, Bart James, Kentucky Com'n on Human Rights, Louisville, KY, for plaintiff.

Sandra Mendez–Dawahare, Landrum & Shouse, Lexington, KY, for William J. Blanton.

Kathryn A. Quesenberry, Woodward, Hobson & Fulton, Louisville, KY, John E. Jenkins, Jr., Patricia A. Jennings, Jenkins, Fenstermaker, Krieger, Kayes, Farrell & Agee, Huntington, WV, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This ancillary proceeding stems from a civil action styled *Blanton v. Inco Alloys International, Inc.*, Case No. 94–106, pending in the United States District Court for the Eastern District of Kentucky. In that case, defendant, Inco Alloys served a subpoena issued in this district on the Kentucky Commission on Human Rights ("Commission") requesting the production of documents pursuant to Fed.R.Civ.P. 45. The Commission has moved to quash the subpoena in question. For the following reasons, the Commission's motion will be denied.

## I

On June 10, 1993, William J. Blanton filed a complaint with the Commission alleging that Inco Alloys discriminated against him on the basis of a disability. According to Inco Alloys, the Commission conducted an investigation into the matter, determined there was no "probable cause", and prepared to dismiss Blanton's complaint. When Blanton learned of the impending dismissal, he requested permission to withdraw his complaint. An order of withdrawal was entered on June 28, 1994.

On April 4, 1994, Blanton filed the underlying lawsuit in the Eastern District of Kentucky. Blanton makes essentially the same discrimination charges as in his administrative complaint. The subpoena currently in dispute requests the production of documents and directs the Commission to produce the agency case file on the Blanton matter.

## II

▮ The Commission argues that the agency file is attorney work product, prepared in anticipation of litigation, and therefore protected by Fed.R.Civ.P. 26(b)(3). We do not agree. Rule 26(b)(3) was designed to protect against disclosure of an attorney's mental impressions, formed in the course of his or her legal duties. *Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). In this case, the Commission's file was not prepared in such a manner. The file was not created by counsel during the course of client representation. Neither was it prepared in anticipation of litigation. Rule 26(b)(3) was intended to protect privileged information from disclosure to adverse counsel. *Id.* In this case, the Commission is adverse to no one, as they are not a party to the underlying litigation. None of the factors which Rule 26(b)(3) was intended to prevent are present. Therefore, the contents of the file are not attorney work product and it is not privileged pursuant to Rule 26(b)(3).

▮ The Commission also contends that disclosure of the file is prohibited by KRS 344.250(6). That section reads:

(6) It is unlawful for a Commissioner or employee of the Commission to make public with respect to a particular person without his consent information obtained by the Commission pursuant to its authority under this section except as reasonably necessary to the conduct of a proceeding under this chapter.

KRS 344.250(6).

KRS 344.250(6) must be read in conjunction with the other subsections of the statute. When read in its proper context, it is clear that the term "person" as used in the statute, refers to the employer. Under the Civil Rights Act, an employer is required to maintain certain records and documents to ensure compliance with the Act. Subsection (6) prohibits the Commission from disclosing information obtained from an employer, pursuant to requirements of the Act, without the employer's permission. KRS 344.250(6) is inapplicable to these facts and does not prohibit the subpoena in question.

We find no authority which would prohibit an employer, who has been the subject of a discrimination complaint filed with the Commission, and who is subsequently sued in federal district court on the same charges, from being able to subpoena the Commission's file on the matter.

An order in accordance with this opinion will be entered this date.

## ORDER

This matter having come before the court on plaintiff's motion to quash, and the court having considered said motion and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that plaintiff's motion is **DENIED.** Accordingly, defendant's motion to compel plaintiff to disclose its file is **GRANTED.**